UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10139 GAO

MAGISTRATE JUDGE Bowler

JOSEPH BRYANT,
Plaintiff

V.

METROPOLITAN LIFE INSURANCE CO.,
Defendant

**NOTICE OF REMOVAL**

Pusrant to 28 U.S.C §§ 1441 and 1446, defendant Metropolitan Life Insurance Company ("MetLife") hereby removes this action to the United States District Court for the District of Massachusetts. As grounds therefore, MetLife states as follows.

1. MetLife was served with the Summons and Complaint on December 23, 2003. Copies of all process, pleadings, and orders currently received by MetLife are attached hereto as Exhibit A in accordance with 28 U.S.C. § 1446(a).

2. Pursuant to 28 U.S.C. § 1446(b), this removal notice is timely.

3. In his complaint, plaintiff claims that, as an employee of Raytheon Company, he was covered by a disability insurance policy (the "Policy") issued by MetLife. (Exhibit A, ¶ 5). The Policy is part of an "employee welfare benefit plan" as defined by the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq*.

4. The plaintiff asserts that he made a claim for, and was entitled to, benefits under the Policy, and that MetLife improperly denied his claim.[1]

---

[1] In his complaint, plaintiff asserts claims for breach of contract (Count I) and violation of M.G.L. c.93A and 176D (Count II).

5. The district courts of the United States have jurisdiction over all claims under ERISA, including claims to recover benefits allegedly due under an employee benefit plan, to enforce rights under the terms of such a plan, or to clarify rights to future benefits under the terms of such a plan. 29 U.S.C. § 1132(e)(1)

6. ERISA governs, and completely preempts, all claims alleged in the plaintiff's complaint. 29 U.S.C. §§ 1132 (a)(1)(B), 1144; Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987). A cause of action that is filed in state court and that is completely preempted by ERISA is removable to federal court under 28 U.S.C. § 1441. Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58 (1987).

7. Concurrent with the filing of this Notice of Removal, MetLife is providing notice of the removal to all adverse parties and to the clerk of the Lowell District Court, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, the MetLife removes this action pursuant to 28 U.S.C. §§ 1441 and 1446.

METROPOLITAN LIFE INSURANCE COMPANY,
By its attorney,

_____
James F. Kavanaugh, Jr., Esq.
BBO# 262360
Stephen S. Churchill
BBO# 564158
CONN KAVANAUGH ROSENTHAL
 PEISCH & FORD, LLP
Ten Post Office Square
Boston, MA 02109
(617) 482-8200

Dated: 1/21/04

192531.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 1/21/04

_____