UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-10139GAO

JOSEPH BRYANT,
Plaintiff

V.

METROPOLITAN LIFE INSURANCE CO.,
Defendant

**ANSWER**

Defendant Metropolitan Life Insurance Company ("MetLife") answers the complaint as follows.

1. MetLife currently lacks knowledge or information sufficient to form a belief as the truth of the allegations of this paragraph.

2. Denied.

3. MetLife admits that it is an insurance company licensed to do business in the Commonwealth of Massachusetts. MetLife denies the remaining allegations of this paragraph.

4. MetLife admits that Bryant's claim is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. MetLife denies the remaining allegations of this paragraph.

5. MetLife admits that Bryant was a participant in the Raytheon Company Short-Term Disability Benefits Plan (the "Plan"), which is insured by a policy issued by MetLife to Raytheon Company ("Raytheon") and that Bryant was an employee of Raytheon. MetLife denies the remaining allegations of this paragraph.

6. MetLife admits that Bryant submitted a claim for short term disability benefits under the

Plan. MetLife denies the remaining allegations of this paragraph.

7. MetLife admits that by letter dated November 26, 2002, MetLife upheld its October 14, 2002, decision to deny short term disability benefits. MetLife denies the remaining allegations of this paragraph.

8. MetLife admits that Plaintiffs counsel submitted a letter dated December 17, 2002, alleging violations of M.G.L. c. 176D and 93A. Further answering, MetLife states that, pursuant to 29 U.S.C. §§ 1132 (a)(1)(B), ERISA governs, and completely preempts, all state law claims alleged in the Plaintiffs complaint.

9. MetLife admits that by letter dated March 17, 2003, MetLife upheld its decision to deny short term disability benefits. Further answering, MetLife states that, pursuant to 29 U.S.C. §§ 1132 (a)(1)(B), ERISA governs, and completely preempts, all state law claims alleged in the Plaintiffs complaint.

### Count 1

10. Denied.

### Count 2

11. Denied.

### AFFIRMATIVE DEFENSES

#### First Defense

Plaintiffs Complaint seeks benefits pursuant to an employee welfare benefit plan governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, which provides the exclusive remedies for an alleged improper denial of benefits, and Plaintiff is limited to the rights and remedies afforded under ERISA. Under ERISA, Plaintiff is not entitled to seek compensatory, punitive, or other extra-contractual damages.

### Second Defense

Plaintiffs claims fail to state a claim upon which relief can be granted.

### Third Defense

This case must be reviewed under the arbitrary and capricious standard of review.

### Fourth Defense

The Plaintiff has no right to a jury trial.

### Fifth Defense

The Plaintiffs claim for breach of contract is preempted by ERISA.

### Sixth Defense

The Plaintiffs claim for violation of M.G.L. c.93A/176D is preempted by ERISA.

### Seventh Defense

To the extent (and without admitting that) Plaintiff is entitled to recover any benefits under the Plan at issue, such recovery is subject to setoffs under the terms of the Plan.

### Eighth Defense

To the extent (and without admitting that) Plaintiff is entitled to benefits at this time, such immediate entitlement does not mean that Plaintiff has an entitlement to unlimited future benefits given, *inter alia,* the possibility for future recovery from any disabling conditions (the existence of which is denied), as well as the effect of different Plan requirements, exclusions, or limitations.

### Ninth Defense

The determinations by MetLife regarding Plaintiffs claim for benefits were not arbitrary and capricious, but rather were reasonable based on the evidence submitted by Plaintiff and comprising the claim file, and were made in good faith, in accordance with the terms of the Plan

or applicable law.

### Tenth Defense

All determinations made by MetLife with respect to Plaintiffs claim for benefits were made in the interest of all plan participants and beneficiaries and in accordance with the terms and conditions of the plan documents.

WHEREFORE, MetLife respectfully requests that the Court dismiss the complaint, with prejudice, and award MetLife its attorneys' fees and costs.

METROPOLITAN LIFE INSURANCE COMPANY<br>
By its attorneys,<br>
<br>
_____<br>
James F. Kavanaugh, Jr. (BBQ # 262360)<br>
Stephen S. Churchill (BBO # 564158)<br>
CONN KAVANAUGH ROSENTHAL<br>
 PEISCH & FORD, LLP<br>
Ten Post Office Square<br>
Boston, MA 02109<br>
617-482-8200

Dated: January 28, 2004
193101.1

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by (hand) (mail) on 1/28/04.

4